## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTHWEST LENDING GROUP, LTD., et al.,<br><br>                     Plaintiff,<br>v.<br><br>PREMERA BLUE CROSS,<br><br>                     Defendant. | **Case No.** C07-5088 JKA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: LIABILITY** |

      This matter comes before the court on Plaintiffs' Motion for Summary Judgment. The court has considered plaintiffs' motion, defendant's response, plaintiffs' reply, and the files and records herein. Additionally, the court has carefully considered the remarks of counsel offered at oral argument November 2, 2007. The matter is currently set for a bench trial May 5, 2008. Both sides acknowledged at oral argument that the matter was ripe for review on the issue of liability, but not on the issue of damages.

      The parties agree that the matter is before the court on the administrative record and minimal supplemental materials submitted in connection with the motions for summary judgment tendered by both plaintiff and defendant. The parties further agree that the sole issue before the court is whether or not the defendant abused its discretion granted under ERISA by acting arbitrarily and capriciously.

      Plaintiff, NWL, obtained group coverage from defendant Premera under a Group Contract. The contract provided coverage to plaintiffs Joseph Raquiza and Elise Raquiza, and their dependents. The case at bar concerns coverage for surgery on their son, Asher, January 19, 2006. The Group Plan and its accompanying Plan Document provide for automatic cancellation of coverage retroactive to the last period for which subscription charges were paid in full. The Group Contract also provides that defendant, Premera, has

ORDER
Page - 1

"the discretionary authority to determine eligibility for benefits and to construe the terms used in this Contract."

**FACTS**:

This court set forth, and incorporates by this reference, certain undisputed factual matters in its order granting in part and denying in part defendant's motion for summary judgment (Doc. #16 ). The parties agree that the doctrines of waiver and estoppel do not apply in evaluating the question of abuse of discretion. Nevertheless, some of the same arguments that might ordinarily be considered as waiver or estoppel surface as arguments in support of plaintiffs' claim that defendant acted recklessly and arbitrarily. Defendant accepted allegedly delinquent premium payments, confirmed that coverage existed through January 31, 2006, payed $13, 256.28 for the January hospital and surgical costs for Asher Raquiza, reissued coverage on January 4, 2006 for a new policy period beginning February 1, 2006, and in August of 2006 retroactively cancelled coverage effective December 31, 2005 and recouped the payments they had made for plaintiffs' son's hospitalization and surgery. In September of 2006, defendant returned to plaintiff an amount representing the January 2005 premium payment as computed by defendant.

It is undisputed that the retroactive change of coverage date was based on plaintiffs' failure to pay a sum still unclear to the court, but somewhat in excess of $400 in premiums.[1] It is undisputed that on January 13, 2006 plaintiffs requested a premium balance owing through January 2006, and that on January 18, 2006, plaintiffs paid $2,131.81. Defendant's records acknowledge the request for a premium balance was received, but do not reveal the figure given. It is also undisputed that although defendant had confirmed plaintiffs renewal coverage commencing February 1, 2006, plaintiff subsequently changed carriers effective February 1, 2006. On February 21, 2006, defendant sent a notice confirming that plaintiffs had been covered by Premera Blue Cross through January 31, 2006. All of the foregoing notwithstanding, it is undisputed that when plaintiffs failed to pay an alleged delinquency of $400+ defendant converted their approach from the collection of an alleged premium delinquency to the retroactive cancellation of coverage effective December 31, 2005. Defendant then recouped the moneys from the health providers paid on behalf of Asher Raquiza. This decision to cancel and recoup was made in August of 2006. Defendant asserts that subsequent to plaintiffs seeking another insurance provider (February 1, 2006), and prior to cancelling the policy retroactively, defendant left a message with plaintiffs

---

[1] In briefing this motion defendant alleges the delinquent payment to be $448.53. At oral argument defendant repeatedly referred to a delinquency of $422.

that their coverage would be cancelled effective December 31, 2005, if they did not pay the "balance due," but again does not document the amount. An entry in defendant's log indicates this call was made on May 19, 2006. The same log shows the decision to cancel and recoup was made August 29, 2006. Finally, defendant's log shows that plaintiffs were reimbursed $1889.06 for the January 2006 premium.

## LAW:

Defendant cites the court to the Group Contract and Plan Document which states that the coverage will terminate if subscription charges are not paid when due, and that coverage will end on the last date for which payment is made. Defendant also cites as authority for allowing retroactive cancellation of benefits *Lynde v. Blue Cross/Blue Shield*, 53 F.3d 331 (6th Cir. 1995), *Peery v. Carolina Care Plan*, 144 Fed.Supp. 300 (4th Cir.2005), and *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir. 1992). The first two of these cases are unpublished opinions. These cases are distinguishable from the case at bar, when seen through the "arbitrary" lens, in that coverage was terminated prior to the rendering of the medical services in each instance.

Under ERISA a plan administrator's exercise of discretion is arbitrary if it is "not grounded on any reasonable basis." *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1417 (9th Cir. 1991). In this instance, no reasonable person could find that the plaintiffs consciously attempted to avoid an approximate $400 premium payment understanding it would cost them in excess of $13,000 for their sons surgery. Nor could any reasonable plan administrator impose such "after the fact" penalty given the history set forth above.

## CONCLUSION:

Plaintiff's Motion for Summary Judgment as to liability is hereby granted. The parties are directed to contact the Allyson Swan, Judicial Assistant to Judge Arnold for the purpose of scheduling oral argument on the issue of damages. The parties are directed to file a written memorandum and any appropriate supporting materials no less than 10 days before oral argument.

Dated this 6th day of November, 2007.

**/s/ J. Kelley Arnold**
J. Kelley Arnold, U.S. Magistrate Judge